United States District Court
Southern District of Texas
FILED

FEB 11 2015

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

15-067

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | CR. NO. _____ |
| v. | § | |
| | § | 18 U.S.C. § 1343 |
| MICHELLE R. FREYTAG, | § | 18 U.S.C. § 1028A |
| | § | |
| Defendant. | § | |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNTS ONE - EIGHTEEN
(Wire Fraud – 18 U.S.C. §1343)

**A.  INTRODUCTION**

1. Defendant **MICHELLE R. FREYTAG** was a contractor or employee working as an executive assistant for D.D. in connection with one or more of D.D.'s companies.

2. During the course of her employment, defendant **FREYTAG** obtained access to various means of identification, including but not limited to credit card numbers assigned to D.D., to D.D.'s spouse and to D.D.'s companies.

3. Whitney Bank was a financial institution with locations in Louisiana and Texas, which processed its credit card transactions through servers located in Columbus, Georgia.

B.   **SCHEME TO DEFRAUD**

4.   From in or about August 2009, through in or about January 2014, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**MICHELLE R. FREYTAG,**

did knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations and promises.

C.   **THE MANNER AND MEANS OF THE SCHEME**

5.   It was a part of the scheme that defendant **FREYTAG** would and did use credit cards numbers assigned to D.D., to D.D.'s spouse and to D.D.'s various companies without authorization in order to unjustly enrich herself through cash advances and the purchase of services and merchandise.

6.   It was further part of the scheme that defendant **FREYTAG** would and did fraudulently obtain additional credit cards in her own name and in the name of D.D., of D.D.'s spouse and of D.D.'s companies and then use those credit cards without authorization to unjustly enrich herself through cash advances and the purchase of services and merchandise.

7. It was a further part of the scheme that defendant **FREYTAG** would and did mislead financial institutions and merchants into believing she was authorized to use the credit cards to obtain cash advances and to purchase services and merchandise when in fact she was not.

8. It was further part of the scheme that defendant **FREYTAG** would and did cause the unauthorized credit card charges to be paid with funds from bank accounts assigned to D.D. or D.D.'s companies.

9. It was further part of the scheme that defendant **FREYTAG** would and did repeatedly misuse credit cards assigned to D.D., to D.D.'s spouse and to D.D.'s businesses, as well as the fraudulent credit cards she obtained on her own, to incur unauthorized charges in excess of $1.3 million.

D. **THE EXECUTION OF THE SCHEME**

10. On or about the dates set forth below, for the purpose of executing the aforementioned scheme to defraud and intending to do so, the defendant did transmit and cause to be transmitted in interstate commerce certain writings, signals and sounds; that is, the defendant used credit cards without authorization to obtain cash advances and to purchase services and merchandise in the amounts set forth below, which caused an interstate electronic signal to be sent to or from the Southern District of Texas:

| Count | Date | Amount | Whitney Credit Card | Unauthorized Transaction |
|---|---|---|---|---|
| 1 | 4/23/10 | $1,252.20 | xxx-3721 assigned to Company A | Purchase of airfare from Continental Airlines for friends and/or family |
| 2 | 7/21/11 | $2,750 | xxx-9153 assigned to D.D. | Purchase of advertising materials from Money Mailer of Ft. Bend and Katy for Ambit Energy business |
| 3 | 10/17/11 | $6,000 | xxx-9153 assigned to D.D. | Cash Advance at Frost Bank in Missouri City, Texas |
| 4 | 12/6/11 | $4,855 | xxx-3444 assigned to Company A and xxx-9153 assigned to D.D. | Purchase of lodging at San Luis Hotel in Galveston, TX for friends and/or family for New Year's Eve |
| 5 | 9/13/12 | $2,040 | xxx-9153 assigned to D.D. | Purchase of airfare from United Airlines for friends and/or family |
| 6 | 10/18/12 | $5,000 | xxx-9153 assigned to D.D. | Cash Advance at Frost Bank in Houston, Texas |
| 7 | 10/19/12 | $9,000 | xxx-3444 assigned to Company A and xxx-9153 assigned to D.D. | Cash Advances at Capital One Bank in Missouri City, Texas |
| 8 | 11/29/12 | $5,224.20 | xxx-9153 assigned to D.D. | Purchase of airfare from United Airlines for friends and/or family |
| 9 | 3/6/13 | $11,000 | xxx-3444 assigned to Company A and xxx-9153 assigned to D.D. | Cash Advances at Frost Bank and Whitney Bank in Houston, TX |
| 10 | 3/6/13 | $3,264.80 | xxx-4384 assigned to D.D. | Purchase of airfare from United Airlines for friends and/or family |
| 11 | 5/19/13 | $2,409.33 | xxx-8132 assigned to D.D. | Purchase of Samsung refrigerator from Pacific Kitchen & Home in Houston, TX |
| 12 | 6/4/13 | $5,978.10 | xxx-8132 assigned to D.D. | Purchase of airfare from United Airlines for friends and/or family |
| 13 | 6/5/13 | $3,675 | xxx-8132 assigned to D.D. | Purchase of home furnishings from Furniture Land in Houston, TX |
| 14 | 6/28/13 | $3,523.45 | xxx-8045 assigned to Company A | Purchase of automobile parts and services for family from All Out Offroad in Stafford, TX |
| 15 | 8/29/13 | $50,407.34 | xxx-3517 assigned to J.D. | Purchase of chartered air travel for friends and/or family from Starbase Jet in Houston, TX |

| | | | | |
|---|---|---|---|---|
| 16 | 10/9/13 | $6,000 | xxx-8045 assigned to Company A and xxx-8132 assigned to D.D. | Cash Advances at Chase Bank in Houston, TX and Frost Bank in Missouri City, TX |
| 17 | 10/9/13 | $5,412.48 | xxx-8045 assigned to Company A | Purchase of 75" Samsung television from Best Buy |
| 18 | 12/21/13 | $1,686.53 | xxx-8045 assigned to Company A | Purchase of professional casino hosting services from iHost Poker in Houston, TX |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS NINETEEN AND TWENTY
### (Aggravated Identity Theft – 18 U.S.C. §1028A)

11. On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

**MICHELLE R. FREYTAG,**

knowingly and without legal authority used a means of identification of another, that is, the credit card numbers assigned to D.D. and D.D.'s spouse, during and in relation to violations of 18 U.S.C. §1343 as set forth below:

| Count | Date | Credit Card | Corresponding Wire Fraud Count |
|---|---|---|---|
| 19 | 10/18/12 | xxx-9153 assigned to D.D. | Count Six Cash Advance at Frost Bank in Houston, Texas in the amount of $5,000 |
| 20 | 8/29/13 | xxx-3517 assigned to J.D. | Count Fifteen purchase of chartered air travel from Starbase Jet in Houston, TX for friends and/or family in the amount of $50,407.34 |

## NOTICE OF FORFEITURE
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461)

12. Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

### MICHELLE R. FREYTAG,

that in the event of conviction for wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts 1-18, all property which constitutes or is derived from proceeds traceable to such violations shall be forfeited to the United States.

13. The property subject to forfeiture includes, but is not limited to the following property: approximately $1.3 million, which represents the total amount of money that the defendant unjustly enriched herself through her fraudulent scheme.

### MONEY JUDGMENT

14. Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which amount is estimated to be, but is not limited to, approximately $1.3 million.

## SUBSTITUTE ASSETS

15. In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

Original Signature on File
_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
Jason Varnado
Assistant United States Attorney

7